The State *v.* Hageman.

THE STATE v. BENJAMIN P. HAGEMAN.

An indictment for not repairing highways ought not to be ambiguous, uncertain or inconsistent in the description of the place.

Where an offence consists in an omission to do some act, the indictment must show how the defendant's obligation to perform that act arises, unless it is a duty connected by law to the office which the defendant sustains.

The charge of keeping all the roads in repair is devolved by law upon the township ; the duty of an overseer to repair a particular part arises upon the designation of the township committee.

Town meetings have no power to make special and limited appointments, but every overseer of the highways, is an overseer for the whole township, and is bound to repair such part or parts of the highways, as the township committee shall assign to him in writing.

If the township committee assigns to an overseer a particular district, then the indictment ought to allege, that he, being an overseer at the time, the township committee did assign to him the said district. If the township committee neglect to make such division, the indictment should so state, and shew, that there had been a previous assignment, to which the defendant was bound to conform, and how, or the manner in which, it came to be the duty of the defendant to repair the particular part of the road.

An indictment against an overseer of the highways, ought to state when he was elected, when his office commenced or when it terminated, and that he was in office during the period complained of.

It is matter of discretion, whether an indictment shall be quashed. It is not *ex debito justitiæ.*

The grand jury of the county of Somerset at the April term, 1831, of the Oyer and Terminer, presented the following indictment.

*Somerset Oyer and Terminer, April Term, A. D.* 1831.

Somerset County, to wit. The Grand Inquest of the State of New Jersey and for the body of the county of Somerset, upon their respective oath and affirmation present, that there was, and yet is, a certain common and public highway, leading from the Franklin and Georgetown turnpike road, to Benjamin A. Hageman's orchard, used by and for all the citizens of the State of New Jersey, with their horses, coaches, wagons, carts, sleighs, sleds and other carriages, to go, return, pass, repass, ride and labor, at their free will and pleasure, and that a certain part of the said common and public highway, called the New Road, otherwise called Division number fifteen, situate, lying and being in the township of Franklin in the county of Somerset, extending from the Franklin and Georgetown turnpike road, to

Benjamin A. Hageman's orchard, as aforesaid, containing in length eight hundred yards, and in breadth ten yards, on the eighteenth day of January in the year of our Lord one thousand eight hundred and thirty-one, and continually afterwards until the first day of March, in the year of our Lord one thousand eight hundred and thirty-one, at the township aforesaid, in the county aforesaid, and within the jurisdiction of this court, was very ruinous, miry, deep, broken, and in great decay, for want of due reparation, amendment and clearing out of the same, so that the citizens of the State of New Jersey, during the time last aforesaid, could not go, return, pass, repass, ride and labor with their horses, coaches, carts, wagons, sleighs, sleds, and other carriages, in, through and along the common public highway as aforesaid, as they were wont and accustomed to do, without great peril and danger of personal injury, and injury to their horses, coaches, carts, wagons, sleighs, sleds, and other carriages, to the great damage and nuisance of all the citizens of the State of New Jersey, in, by, and through the same common highway, riding, going, returning, passing, repassing and laboring, contrary to the form of the statute in such case made and provided, against the peace of this state, the government and dignity of the same. And that one Benjamin P. Hageman, of said township of Franklin in the county of Somerset aforesaid, was appointed, according to the statute in such case made and provided, to open, clear out, make, work, amend the same, and keep in good order the said common highway as aforesaid, so as aforesaid being in the township of Franklin aforesaid, in the county of Somerset aforesaid, and within the jurisdiction aforesaid. He the said Benjamin P. Hageman took upon himself the burden and duty of clearing out, making, working, amending, repairing and keeping in good order the said common highway, the common highway as aforesaid, so as aforesaid being ruinous, miry, deep, broken, and in great decay, he the said Benjamin P. Hageman ought to have opened, cleared out, worked, amended, repaired and kept in good order the said common highway, to wit—from the said eighteenth day of January in the year of our Lord one thousand eight hundred and thirty-one, until the said first day of March, in the year of our Lord one thousand eight hundred and thirty-one.

The State *v.* Hageman.

At the April term, 1832, *E. Wood,* for the defendant, moved the Court of Oyer and Terminer to quash the indictment, and was proceeding with his argument, when the court suggested the propriety of submitting the question involved, to the Supreme Court, in order to obtain their opinion. In consequence of this suggestion, the argument was suspended, and at the last November term, *E. Wood,* for the defendant, moved to quash the indictment, and contended,

1. The indictment is repugnant and inconsistent.

It alleges that there is a certain common highway leading from A to B, and afterwards avers, that *a certain part* of the said common highway leading from A to B *as aforesaid,* was out of repair, &c.

Although it be conceded, that the termini of the way need not be stated, yet when stated, they must be strictly proved as laid. The allegation is material and cannot be rejected, merely because inconsistent with a subsequent material averment. *Arch. Cr. Pl.* 367 ; 6 *Esp. R.* 136 ; *Star. Cr. Pld.* 276, 9 ; 2 *Saund. R.* 158, *note* 6.

The indictment ought to shew with certainty the part out of repair. *Arch. Cr. Pld.* 367, and even if described with unnecessary particularity, yet the facts here stated are descriptive and relevant, and no part of the description can be rejected, as surplusage. *Star. Ev.* 1573.

The averment, that a certain part of the said common highway, leading from A to B as aforesaid, is repugnant to the preceding statement, and this reference to the preceding allegation so far from shewing with certainty the part out of repair, renders the whole insensible and void. *Arch. Cr. Pld.* 25.

2. The indictment does not shew that it was the duty of the defendant to keep in good order, the road alleged to have been out of repair.

1st. It does not appear even by the general allegation in the indictment, that the defendant was ever elected an overseer of the highways for the township of Franklin ; nor that he was duly appointed according to the statute to repair the road complained of.

The act, 21st February, 1798, sec. 12, *R. L.* 342, authorizes the inhabitants to elect overseers of the highways generally for the township, but not for any particular division within it.

This election creates nothing more than a general obligation to perform certain duties to be ascertained and determined by the appointment of the township committee. By the act of 7th February, 1819, sec. 14, *R. L.* 621, the power of appointment is vested solely in the town committee, and fixes and determines when made, the duty of the overseer to repair the road within his division.

An assignment is necessary in every case, and where the town committee neglect or refuse to appoint and the overseer becomes in consequence bound to conform himself to a previous assignment, the statute does not by its operation, render the *election* a direct appointment of the overseer of a particular division, but merely substitutes a previous assignment in the place of one, that ought or might have been made by the town committee, and renders that effective for the purpose of fixing and determining the duties of the overseer. The previous assignment in such a case is made by the act tantamount to a subsequent appointment, and the duty of the overseer to repair alike in both cases, grows out of an *election* under the act of 1798, and an *appointment* under the act of 1818. The fact not being expressly stated, the court will not presume, that there was an election and without this, there could be no legal appointment of the defendant to open, repair, &c. any of the highways within the township.

2d. A mere general averment is not sufficient, but it ought to appear by the allegations in the indictment, either that a particular limit or division of the highways within the township was assigned and appointed to the defendant in writing by the township committee ; or that by reason of their neglect, or refusal, he was bound to conform himself to a particular division previously assigned ; and that the road out of repair lay within such limits or division.

The general charge of repairing all the roads within the township, lies upon the township generally, and as it is sought in this case to throw upon the defendant the burthen of repairing a particular road within the township, the indictment ought to shew especially the grounds by which the liability is shifted. Whenever the duty of repairing a highway is devolved upon an individual by the operation of any cause, as by prescription, inclosure, or the provisions of a statute, in every such case the par-

ticular manner, in which the liability is transferred, ought to be set out in the indictment, that the court may see, whether in the particular case the duty devolves on the defendant or not. 2 *Chit. Cr. Pl.* 334, 39, 40 ; 2 *T. R.* 513 ; 5 *Burr.* 2700, *Andr.* 256.

There is nothing stated in this indictment sufficient to justify the conclusion here induced, and it was the duty of the defendant to repair the road complained of. This is a mere conclusion of law ; a question for the court to solve, upon a consideration of the facts shewn on the face of the indictment. This indictment is founded on a statute which specially prescribes the mode, by which the defendant might be appointed for a particular division within the township, and creates and defines the duties, which he shall discharge within the limits assigned to him. In a civil action founded on a statute, all the circumstances necessary to bring the matter pleaded within the act, ought to be stated. *Arch. pl.* 106, 7, 159 ; 1 *Chit. pl.* 322. A fortiori, that in a criminal case should all the facts necessary to inform the court, that the case is within the act, be shewn in the indictment.

The precedents in analogous cases are drawn in conformity with these principles.

Indictment against particular division of parish. 2 *Chit. C. L.* 349.

Indictment against scavengers and rakers, on statute, *ib.* 353, 4.

3d. The indictment does not shew, that it was the duty of the defendant to keep in repair the road complained of *during the time* while the road is alleged to have been out of repair.

In the concluding part it is alleged, that the defendant ought to have repaired, &c. the road, from the 18th January to the 1st March, 1831. Why he ought to have repaired during that period is not shewn. It is nowhere stated when he was appointed, nor for what period, nor is it shewn, that he was in office during that time. This conclusion is based on no foundation, there are no facts alleged to sustain it, or to rescue it from the charge of being a mere unwarranted, gratuitous assumption.

*W. Thompson* for the state.

The indictment is founded upon the act concerning roads. *Rev. Laws*, 615, *sec.* 18. The 15th section points out the duty of the overseer, in keeping the road in repair.

The indictment sets forth, that a certain part of a road (naming it) was out of repair. That the defendant was appointed according to law to mend said road ; that he took upon himself the duty of amending the same, and that he (the defendant) ought to have kept it in good order.

The present indictment is principally taken from the form in *Arch. Crim. pld.* 416.

An indictment is nothing else, but a plain, brief and certain narrative of an offence, committed by any person, and of those necessary circumstances, that concur to ascertain that fact and its nature. 2 *Hale,* 182 ; *Starkie on Crim. pld.* 73.

The present indictment sufficiently apprises the defendant of the nature of the offence, which he is called upon to answer. The court will be at no loss to pronounce judgment, should the jury render a verdict of guilty.

An indictment against an officer, alleging that he is such officer, is sufficient without shewing or setting out particularly his appointment. 5 *Term Rep.* 623 ; *Arch. Crim. pld.* 372.

The opinion of the court was delivered at this term.

HORNBLOWER, C. J. The defendant moves to quash this indictment on several grounds. 1st. Because it is repugnant and inconsistent. The indictment charges that there was and yet is a common public highway *leading* from the Franklin and Georgetown turnpike road, to Benjamin A. Hageman's orchard, and that a *certain* part of the said road, called the New Road or Division No. 15, extending from the Franklin and Georgetown turnpike road to Benjamin A. Hageman's orchard, containing eight hundred yards in length and ten yards in breadth, on the 18th January 1831, and until the 1st of March 1831, was in a ruinous condition, &c. To say the least of it, this part of the indictment is ambiguous : there is a road leading from A to B and *a certain part* of it, called the new road, extending from A to B, is out of repair ; thus describing a part as co-extensive with the whole.

But there is a second and in my opinion a more decisive and fatal objection to this indictment. It alleges that the "defendant was appointed according to the statute in such case made and provided, to open, clear out, make, amend, repair and keep

in good order the said highway." · But when, where, by whom, to what office, and for how long he was appointed, does not appear.

Where an offence consists in an omission to do some act, the indictment must show how the defendant's obligation to perform that act arises, unless it is a duty annexed by law to the office which the defendant sustains. *Stark. Cr. pl.* 180; *Rex* v. *Holland,* 5 *T. R.* 623.

So in an indictment against a township for not repairing a road, or against a county for not repairing a bridge, it is sufficient to allege, that the road is out of repair, or the bridge in a state of decay; because the township in one case and the county in the other, are bound to repair. *Stark. Cr. pl.* 177. And so it would be in the case of an overseer of the road, if the law annexed to his office the duty of repairing all the roads in the township, or the particular road or part of a road, in question :. and in such case it would be sufficient to say, the defendant was. *debito modo electus,* and proof that he acted as such officer, would sustain the indictment in that respect. *Stark. Cr. pl.* 180; *Berryman* v. *Wise,* 4 *T. R.* 366; *Gordon's case,* *Leach* 581.

If the indictment was (as it may be in some cases in England) for not accepting, or not taking the oath of office; then the indictment ought to set out, how, when, by whom appointed, because if not legally elected he would not be guilty of any offence, in refusing to accept. *Cowp.* 633; 5 *Mod.* 96 ; *Rex* v. *Burden,* 4 *T. R.* 778.

But this is an indictment for not repairing a *certain* part of a *certain* highway in the township of Franklin.. The law does not annex to the office of overseer of the township of Franklin,. the duty of keeping in repair all the roads, or this *certain* part of a road in the said township. The charge of keeping *all* the roads in repair, is devolved by law upon the township; the duty of an overseer to repair a particular part arises upon the designation of the township committee. By the 12th section of the act incorporating townships, *Rev. Laws* 342, the inhabitants of the several townships, at their annual town meetings are, among other officers, to elect, as "many overseers of the highways as they shall deem necessary or convenient." If the officers so elected, refuse to accept, or a vacancy happens by death

or otherwise, (by the 13th section) a new election may be had at a special town meeting : and if this is neglected to be done for a certain number of days, the township committee may appoint some person or persons to supply the vacancy. Here then are three modes in which an overseer of the highway may be elected. But this election when made in either manner, imposes upon the overseer only a general obligation to perform the duties of his office, within a certain limit or division of the highways, to be " assigned and appointed " to him, in writing, by the township committee, (section 14 of the act concerning roads, *Rev. Laws* 621.) It is true the act provides that if the committee shall neglect or refuse to make such division, the overseers shall conform themselves to such assignments or divisions of the highways, as may at any time before have been made ; but this does not render the election by the town meeting, of the overseer, a direct and special appointment to any particular district or division, it only adopts the previous assignment, if any, in the place of a new one, but yet the township committee or some other authority must designate to the newly elected overseers their respective districts : otherwise how are they to know where their services are to be rendered ? Town meetings have no power to make such special and limited appointments. I know it is sometimes done, and overseers are elected for particular districts ; but it is *ex gratia*, the overseer thus elected, if an overseer at all, is an overseer for the whole township, and bound to repair such part or parts of the highways, as the township committee shall assign to them in writing.

If, however, the township committee did assign to the defendant, this particular district, then the indictment ought to have alleged, that he being at the time an overseer of the highways of the township of Franklin, the township committee did assign to him the said district. If on the other hand, the township committee neglected to make such division, the indictment should have so stated, and shewn that there had been a previous assignment to which the defendant was bound to conform ; and how, or in the manner in which it came to be the duty of the defendant to repair this particular part of the road. *Stark. Cr. pl.* 177, 178. *Rex* v. *Inhabitants of Penderryn*, 2 *T. R.* 513 ; *Rex* v. *Inhabitants of Great Broughton*, 5 *Bur.* 2700 ; *Archb. pl.* 106, 107, 159.

These cases if not strictly applicable, yet seem to shew the rule of pleading in this respect, whenever an individual is sought to be criminally prosecuted for acts of omission.

The indictment says, " the defendant was appointed to repair this road, according to the statute in such case made and provided." Does this mean, that he was elected at an annual or special town meeting? or that he was elected by the township committee, in default of an election by town meeting? Or that being previously elected an overseer, he was appointed by the township committee to take charge of this district? If it means that he was appointed *an overseer*, by the town meeting, or by the township committee, then there is no averment that he was appointed to this particular district, or that this particular district was assigned to him. If it means that the township committee assigned to him or appointed him to repair this district, then there is no averment that he was ever elected an overseer; and if so, they had no right to assign to him any duty as such. In order to fix the duty upon the defendant, two distinct things were necessary to be done. 1st. To make him an overseer under the acts incorporating townships, *Rev. Laws*, 342; and 2dly, to assign to him a division of the road, under the act concerning roads, *Rev. Laws* 621. To say that he was duly appointed according to law, may be very well in common parlance; but in an indictment, if a reference to a statute is necessary, it must be correctly made, and here the reference is to one " statute," and the court cannot determine which of the two statutes above mentioned, is intended.

I think the indictment is defective in another particular. Whether the defendant was bound to keep any part of the road in repair, and whether such obligation rested on him from the 18th January until the 1st March 1831, as stated in the indictment, are questions of law to be settled by the court upon the facts stated on the record. But as I have before remarked, it no where appears when he was elected, when his office commenced, or when it terminated. Nor is it averred that he was in office during the period complained of. The indictment it is true, says that he ought during all that time to have repaired, &c. but this is coming to a conclusion of law, without any facts being stated, upon which such a conclusion could arise. It is

matter of discretion whether an indictment shall be quashed in any case; it is not, *exdebito justitiæ.* In an important and doubtful case I would not do it. But since the case of *The State* v. *Nichols*, 2 *South. R.* 539, and *The State* v. *Rickey*, 4 *Halst.* 293, I have no hesitation in quashing an indictment, which is clearly defective. And see also *The State* v. *Webster*, 5 *Halst.* 293 and several other cases referred to in *Halst. Dig. tit. Indict.*

FORD, J. The defendant is indicted as overseer of the road, for not repairing a highway in the county of Somerset, and moves to quash the indictment for uncertainty and inconsistency in the description of the place. The indictment says that there is a highway leading from the Franklin and Georgetown *turnpike road*, to Benjamin P. Hageman's *orchard*, a *part* of which is out of repair, and this *part* it says is called the new road, or division No 15, *extending* from the said *turnpike road* to the said *orchard*. Thus the whole road is not out of repair but only a part of it, and yet this part is the *whole* extent from the turnpike road to the orchard. The defendant cannot find out by this description whether he is indicted for the whole road or for only a part of it, nor consequently how to shape his defence. For this reason it is evidently insufficient and ought to be quashed.

DRAKE, J. This is an indictment against the defendant, founded on the eighteenth section of the act, entitled an act concerning roads, which makes any overseer of the highways liable to be presented or informed against, and fined on conviction, for the badness, or want of repair, of any highway within his limits, or division. The indictment, after alleging that a certain public highway was out of repair, proceeds to state that the defendant was appointed, according to the statute in such case made and provided, to open, clear out, make, work, amend, repair, and keep in good order, the said highway; and that he took upon himself the burden and duty of so doing. Among other objections made to this indictment, it is insisted that this allegation is entirely too vague; that it does not present to the court the grounds of the defendant's liability with sufficient certainty. And I consider this objection to be well taken. In order to make the defendant liable, he must, in the first place, have been duly appointed an overseer of the highways. It should appear, at least by an allegation to that effect, that he

was appointed to that office. But this appointment alone would not impose upon him the duty to repair this particular highway. It must be within his limits, or division. This could only be, by an assignment of the town committee, either to the particular individual, or made at some previous time. And this matter should be distinctly alleged. The township is *prima facie* bound to repair all highways lying within it. And as to *that*, a general allegation of duty is sufficient. But when it is sought to charge an individual, the obligation to repair, not being of common right, should be stated, not by the words *he ought*, &c. or *he took upon himself*, &c. but the *nature* of the obligation should be set out. The language of the books is uniform to this effect. In the case of *The King* v. *The Inhabitants of Penderryn*, 2 *Term Reports* 515, the court say, "This indictment is clearly bad; for being an attempt to charge part of a parish only with the repairs of the road, which is against common right, it must be shewn expressly *how* they were liable. This is an objection to the *substance*, and not merely to the form." And in 2d *Saund.* 158, *note* 9, it is laid down, that "the inhabitants of a particular division of a parish are not bound to repair by common law; and therefore the indictment ought to shew the custom, prescription, or reason of their obligation." And see to the same effect, 5 *Term Rep.* 398 ; 2d do. 111 ; 5 *Burr.* 2700 ; 3 *Bacon's Abr.* 498. I am therefore of opinion that this indictment should be quashed.                Judgment quashed.

CITED in *Green* v. *Kleinghaus*, 2 Gr. 476 ; *State* v. *N. Y. Turnpike, Co.* 1 *Harr.* 225 ; *State* v. *Dayton*, 3 *Zab.* 53.